IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKLYN RAMIREZ AND MANUAL RAMIREZ,

    Plaintiffs,

                                                      Case No. 11-CV-740 JEC/KBM

v.

WAL-MART STORES EAST INC., THE CITY
OF ALBUQUERQUE, SERGEANT ARTURO SANCHEZ,
DETECTIVE TYRONE CHAMBERS, GREGORY DOOSE,
CRYSTAL GUTIERREZ, BERNICE WARNER,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Jacklyn Ramirez's *Motion to Amend Complaint*, filed January 4, 2012 (Doc. 29) and *Wal-Mart Stores East, L.P.'s Motion to Strike Plaintiff's Improper "Revised" Amended Complaint Attached to Reply Brief*, filed February 6, 2012 (Doc. 49). Having reviewed the pleadings, the governing authority, and being otherwise fully informed, the Court finds that Plaintiff Jacklyn Ramirez's ( "J. Ramirez") Motion to Amend is not well-taken and will be denied, and that Defendants' Wal-Mart Stores, East, Inc., Crystal Gutierrez and Bernice Warner (collectively, "Wal-Mart Defendants") Motion to Strike is denied as moot.

    **I.**    **Background**

This lawsuit arises from J. Ramirez's attempt to cash a check at Wal-Mart, during which Wal-Mart employees allegedly accused her of fraud and contacted the Albuquerque Police Department. *See* Complaint (Doc. 1-1) at 3. J. Ramirez originally filed this action within the

Second Judicial District Court, State of New Mexico, asserting claims for negligence, slander and false imprisonment against Wal-Mart. *Id.* at 4. On August 19, 2011, Defendants Officer Gregory Doose, Sergeant Arturo Sanchez, Detective Tyrone Chambers, and the city of Albuquerque (collectively, "City Defendants") removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 1342(a)(3) and (4). *See* Notice of Removal (Doc. 1). On December 6, 2001, the Honorable Magistrate Judge Karen B. Molzen entered an Order adopting the Joint Status Report and Provisional Discovery Plan ("JSR") (Doc. 12) and the January 3, 2012 deadline for J. Ramirez to amend her pleadings. *See* Order (Doc. 19) at 1.

On January 4, 2012,[1] J. Ramirez moved to amend her pleadings to add a claim against the Wal-Mart Defendants under § 1983 for unlawful detention and seizure (Count II, Fourth Amendment claim). *See* Proposed First Amended Complaint (Doc. 29-1) at 4-5. J. Ramirez alleges that the Wal-Mart Defendants "engaged in joint activity with City of Albuquerque police officers when they falsely reported a crime and allowed [her] to be held at the Wal-Mart store, such that they acted 'under color of state' within the meaning of 42 U.S.C. Sec. 1983." *Id*. at 5. On January 30, 2012, J. Ramirez filed her Reply, attaching a "Revised" Proposed First Amended Complaint ("Revised Complaint") which contained new factual allegations. Reply at 1-2 and Revised Complaint at ¶¶ 31-42. In the Reply, Ms. Ramirez states that she is now "able to nudge her complaint beyond the plausible line alleging joint activity between the Wal-Mart Defendants and the Albuquerque police" and asks the Court to consider her Reply as another request to amend her Complaint. *Id*. On February 6, 2012, the Wal-Mart Defendants moved to strike the

---

[1] The Motion to Amend was filed in the CM/ECF system on January 3, 2012. Mot. to Amend at 7.

Revised Complaint as untimely, barred by the Court's Scheduling Order deadline, and prejudicial. Mot. to Strike at 6.

## II. Legal Standards

### A. Modification of Scheduling Order Deadlines

Fed. R. Civ. P. 16(b)(4), states that a court's scheduling order "may be modified only for good cause and with the judge's consent." *See also* D.N.M. LR-Cv 16.1 ("Modification of deadlines in the Court's scheduling orders and trial notices, whether or not opposed, requires a showing of good cause and Court approval."). Under Fed. R. Civ. P. 16(b)(4), when a request to amend occurs after the scheduling order deadline, a movant must first demonstrate good cause for modifying the deadline before showing that amendment is permissible under Fed. R. Civ. P. 15(a). The good cause standard under Rule 16(b)(4) focuses on the moving party's diligence in attempting to meet the case management order's requirements. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)*; Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002) ("[t]he Court may grant leave to modify the pretrial schedule and amend the complaint under Rule 16(b) only if the schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)).

"[Good cause] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter*, 451 F.3d 1196 at 1205 n.4; *Birmingham v. Experian Information Solutions, Inc*., 633 F.3d 1006, 1021 (10th Cir. 2001) (district court has discretion to deny a motion to amend as untimely when the movant's delay is unexplained or the movant fails to provide an adequate explanation for not moving to amend earlier). There is a "rough similarity" between the 'undue

delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin v. Billings*, 568 F.3d 1224, 1232 n.10 (10th Cir. 2009). "'[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *Rowen,* 210 F.R.D. at 252 (quoting *Johnson*, 975 F.2d at 609).

### B. Leave to Amend Complaint

Leave to amend may be granted under Fed. R. Civ. P. 15(a) "by leave of court or by written consent of the adverse party" and "shall be freely given when justice so requires. Refusal to allow amendment is "generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or futility of amendment." *Foman v. Davis* 371 U.S. 178, 182 (1962); *see also Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993). Amendment of a complaint is futile "if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). Accordingly, a court may refuse to allow amendment if the proposed amended complaint fails to set forth sufficient facts to survive a motion to dismiss. *Id*.

### C. Unconstitutional Seizure and Detention Claim under 42 U.S.C. § 1983

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 114 S.Ct. 807, 811 (1994) (internal quotations omitted). In order to bring a claim under § 1983, a plaintiff must initially establish that a defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State" to deprive the plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. A private citizen may be liable under § 1983 if he was a "willful participant in joint action with the State or its

agents." *Dennis v. Sparks*, 101 S.Ct. 183, 186 (1980). Under the joint action test, the focus is whether state officials and private parties have acted in concert with the "specific goal of violating the plaintiff's constitutional rights by engaging in a particular course of action." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995).

"The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983." *Bernavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983); *see also Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir. 2000) (defendant's mere lack of concern or even recklessness for causing the violation of others' constitutional rights would not seem to rise to the level of establishing [defendant's] liability under § 1983."); *Espinoza v. Walgreen Co.*, 2009 WL 2843345, *3 (D. Utah 2009) (quoting *Moore v. Marketplace Marketplace Restaurants, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985) ("providing false information to an arresting officer is not, by itself, sufficient to state a claim against a private party under § 1983"). Instead, courts look at whether the facts indicate that "the allegedly unconstitutional arrests resulted from any concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power." *Gallagher*, 49 F.3d at 1454 (*citing Carey v. Continental Airlines*, Inc., 823 F.2d 1402 (10th Cir. 1987); *Lee v. Town of Estes Park*, 820 F.2d 1112 (10th Cir. 1987)).

### III. Analysis

#### A. The Court Will Deny J. Ramirez's Request for Leave to Amend in her Reply as Untimely

J. Ramirez submitted the Revised Complaint, attached to her Reply, on January 30, 2012, after the expiration of the deadline to amend pleadings in the Scheduling Order. *See* Reply,

Revised Compl. (Doc. 43-1) and Order. J. Ramirez did not seek leave to amend in a separate motion or request an extension of the amendment deadline,[2] but requested in her Reply that the Court allow her to file her Revised Complaint. When the Wal-Mart Defendants moved to strike the Revised Complaint, J. Ramirez stated that she did not learn of the information added to her Revised Complaint until she reviewed Wal-Mart's surveillance video. Resp. to Mot. to Strike at 2. However, as the Wal-Mart Defendants point out, they produced the surveillance video to J. Ramirez in their Initial Disclosures in early December, evidenced by her reliance on the surveillance video when drafting her First Amended Complaint Mot. to Strike at 5.

Under Rule 16(b), "the Court may grant leave to modify the pretrial schedule and amend the complaint only if the schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Rowen,* 210 F.R.D. at 252 (quoting *Johnson v. Mammoth Recreations, Inc*. 975 F.2d at 609). "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter*, 451 F.3d 1196 at 1205 n.4. Even if J. Ramirez had properly sought leave to amend with respect to her Revised Complaint, her request would nonetheless have been denied because of her failure to identify any impediments preventing her from moving to amend in a timely manner. Without any showing that the amendment deadline could have been met despite her diligence, the Court cannot find that J. Ramirez has shown good cause to extend the scheduling deadline. *See* Fed. R. Civ. P. 16(b)(4). *Rowen,* 210 F.R.D. at 252; *Minter*, 451 F.3d

---

[2]By attaching the Revised Complaint, J. Ramirez improperly raised new factual allegations for the first time. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (identifying reasons that courts do not generally consider issues raised for the first time in a reply brief). J. Ramirez also failed to submit a separate pleading in a manner permitting subsequent "linking" of each pleading to an order of the Court as required by the automated docketing system.

at 1205 n.4. Consequently, J. Ramirez's request to amend with respect to her Revised Complaint is denied as untimely. *See Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365-66 ("untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay."); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (denial of motion to amend is appropriate where movant knew or should have known of facts prior to seeking amendment; prejudice to opposing party need not be shown.").

### B. The Court Will Deny J. Ramirez's Motion to Amend as Futile

In her Motion to Amend, J. Ramirez seeks to add a claim against the Wal-Mart Defendants under § 1983 for unlawful detention and seizure. In support of this claim, J. Ramirez alleges that the Wal-Mart Defendants "engaged in joint activity" with City of Albuquerque police when they "falsely reported a crime" and "allowed the use of a room on Wal-Mart property for [Detective] Chambers to detain [her] and to berate her for attempting to pass a fraudulent check." *See* First Amended Complaint (Doc. 29-1) at 4-5. *Id*. at 3.

"Allegations that a private citizen actively misled police by falsely reporting a suspected crime or giving false information are insufficient to constitute state action." *Espinoza v. Walgreen Co.*, 2009 WL 2843345 at *3 ("misleading the police undermines any allegation of agreement, conspiracy, prearranged plan or cooperation."). Allegations that a retail store allowed use of its room for investigation by law enforcement also do not give rise to a joint action for purposes of subjecting a private citizen to § 1983 liability. *See Resources, Inc. v. Simon Property Group*, 108 F.Supp.2d 1239, 1252 (D.N.M. 2000) (determining that the use of mall space did not constitute "joint action" between the Albuquerque Police Department and the malls absent allegation that they acted jointly to perpetrate the alleged constitutional violation.").

Conclusory allegations of an agreement amongst defendants to engage in a concerted action or conspiracy are also insufficient to support § 1983 claim. *See Sigmon v. CommunityCare HMO, Inc.,* 234 F.3d 1121, 1126 (10th Cir. 2000) ("[The] pleadings must specifically present facts tending to show agreement and concerted action.").

J. Ramirez's allegations are insufficient to state an actionable claim against the Wal-Mart Defendants under § 1983. As set forth above, even if the Wal-Mart Defendants gave false information to the City Defendants and allowed them the use of its room to "berate" J. Ramirez, such actions do not constitute state action absent facts tending to show an agreement and concerted action to violate her constitutional rights. *See Espinoza,* 2009 WL 2843345 at *3; *Resources, Inc.,* 108 F.Supp.2d at 1252. J. Ramirez does not allege any such facts nor does she allege facts indicating a procedure or policy of substituting the judgment of the Wal-Mart Defendants for that of the City Defendants. Indeed, the allegation in the First Amended Complaint that J. Ramirez was interrogated by the City Defendants supports the Wal-Mart Defendants' position that the City Defendants performed an independent investigation. *See* First Amend. Compl. at 5. For these reasons, J. Ramirez's conclusory allegation that the Wal-Mart Defendants engaged in "joint activity" with the City Defendants is insufficient to state a § 1983 claim. Because J. Ramirez has not plead facts tending to show an agreement and concerted action to violate her constitutional rights, the proposed § 1983 claim would not survive a motion to dismiss. *Gallagher*, 49 F.3d at 1450; *Sigmon v. CommunityCare HMO, Inc.,* 234 F.3d 1126. Accordingly, J. Ramirez's Motion to Amend is denied as futile.

WHEREFORE,

**I.    IT IS ORDERED** that Plaintiff J. Ramirez's *Motion to Amend Complaint*, filed January 4, 2012 (Doc. 29) is **DENIED;**

    **II.**    **IT IS FURTHER ORDERED** that *Wal-Mart Stores East, L.P.'s Motion to Strike Plaintiff's Improper "Revised" Amended Complaint Attached to Reply Brief*, filed January 19, 2012 (Doc. 49) is **DENIED** as moot.

Dated April 23, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff
    Joseph P. Kennedy
    Shannon L. Kennedy
    Albuquerque, NM

Attorneys for Wal-Mart Stores, East, Inc., Crystal Gutierrez and Bernice Warner:
    H. Jesse Jacobus III
    Tiffany L. Roach
    Modrall, Sperling, Roehl, Harris & Sisk, P.A.
    Albuquerque, NM