IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKLYN RAMIREZ AND MANUAL RAMIREZ,

    Plaintiffs,

                                                                                       Case No. 11-CV-740  JEC/KBM

v.

WAL-MART STORES EAST INC., THE CITY
OF ALBUQUERQUE, SERGEANT ARTURO SANCHEZ,
DETECTIVE TYRONE CHAMBERS, GREGORY DOOSE,
CRYSTAL GUTIERREZ, BERNICE WARNER,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Wal-Mart Defendants' Motion to Dismiss*, filed January 19, 2012 (Doc. 36), and *Defendant Wal-Mart's Motion and Memorandum in Support of its Motion for Summary Judgment* ("Motion for Summary Judgment") filed December 20, 2011 (Doc. 23). Having reviewed the pleadings, the governing authority, and being otherwise fully informed, the Court finds that Defendants' Wal-Mart Stores, East, Inc., Crystal Gutierrez and Bernice Warner (collectively, "Wal-Mart Defendants") Motion to Dismiss will be granted in part and denied in part and their Motion for Summary Judgment will be denied as moot.

**I.**    **Background**

This lawsuit arises from Plaintiff Jacklyn Ramirez's ("J. Ramirez") attempt to cash a check at Wal-Mart, during which Wal-Mart employees allegedly accused J. Ramirez of fraud and contacted the Albuquerque Police Department. *See* Complaint (Doc. 1-1) at 3. J. Ramirez

originally filed this action within the Second Judicial District Court, State of New Mexico, asserting claims for negligence, slander and false imprisonment against Wal-Mart. *Id.* at 4.  J. Ramirez alleges that the Wal-Mart Defendants "falsely accused her of wrongdoing and falsely imprisoned her by aiding in her detention" and that their "conduct toward [her] was negligent ... and not justified or privileged under state law." *Id*.  On August 19, 2011, Defendants Officer Gregory Doose, Sergeant Arturo Sanchez, Detective Tyrone Chambers, and the city of Albuquerque (collectively, "City Defendants") removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(3) and (4).  *See* Notice of Removal (Doc. 1).  On December 20, 2011, the Wal-Mart Defendants moved for summary judgment on J. Ramirez's false imprisonment claim.  On January 19, 2012, the Wal-Mart Defendants moved to dismiss J. Ramirez's Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Mot. to Dismiss at 1.

## II. Legal Standards

### A. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)); *see also* Fed.R.Civ.P. 8 (a)(2); *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("[t]he nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.").  In *Iqbal*, the Supreme Court articulated a "two-pronged" approach for analyzing a Rule 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-1950.  First, a court must accept as true all factual allegations and draw all reasonable inferences in the plaintiff's favor. *Id*.  However, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Second, a court must determine whether the allegations in the complaint state a plausible claim for relief. *Id.* at 1950*; Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, a plaintiff must "'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss.*" Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir, 2007) (quoting *Twombl*y, 127 S.Ct. at 1974). In other words, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

    **B.**    **Defamation**

To establish a claim of defamation in New Mexico, a plaintiff must prove that: (1) the defendant published a communication; (2) the communication contains a statement of fact; (3) the communication was concerning the plaintiff; (4) the statement of fact was false; (5) the communication was defamatory; (6) the person receiving the communication understood it to be defamatory; (7) the defendant knew that the communication was false or negligently failed to recognize that it was false or acted with malice; (8) the communication proximately caused actual injury to the plaintiff's reputation; and (9) the defendant abused its privilege to publish the

communication.[1]  See UJI 13-1002(B) NMRA.  The New Mexico Supreme Court has incorporated libel and slander into the category of defamation.  *See Reed v. Melnick*, 81 N.M. 608, 612, 471 P.2d 178, 182 (1970), *overruled on other grounds*, *Marchiando v. Brown*, 98 N.M. 934, 649 P.2d 462 (1982) ( libel and slander incorporated under defamation because the distinctions between them had become blurred and were no longer useful); UJI Civ. 13-1001, committee comment.

New Mexico recognizes a conditional privilege as a defense to defamation where "there is a good faith publication in the discharge of a public or private duty." *Mahona-Jojanto, Inc., N.S.L. v. Bank of New Mexico*, 79 N.M. 293, 295-96, 442 P.2d 783 (1968) (a good-faith publication in the discharge of a public or private duty when morally or legally motivated is subject to a conditional privilege).  A conditional privilege may be lost by abuse.  *Mahona-Jojanto,* 79 N.M. at 295, 442 P.2d at 786; UJI 13-1012 NMRA (listing circumstances under which a privilege is abused).  "The privilege is abused if a person said to be privileged lacks the belief, or reasonable grounds to believe, the truth of the alleged defamation." *Bookout v. Griffin*, 97 N.M. 336, 339, 639 P.2d 1190, 1193 (1982); 13-1012 NMRA;  *Mahona-Jojanto,* 79 N.M. at 295, 442 P.2d at 786.  Whether a defendant has "abused his [privilege] by acting ... unreasonably or without a reasonable belief in the truth of the remarks is for the jury to determine." *Salazar v. Bjork*, 85 N.M. 94, 97, 509 P.2d 569, 573.  "Only when there is no question of fact with regard to abuse of [the privilege] may a court find no abuse as a matter of law."  *Id*. (citing *Stewart v. Ging*,

---

[1]The last element of defamation applies when the defendant raises the defense of qualified privilege and the trial judge concludes that such a qualified privilege exists.  *See Stewart v. Ging*, 64 N.M. at 274, 327 P.2d at 336.  When a qualified privilege exists, a plaintiff bears the burden of proof that the defendant abused the privilege.  *Id*.  This instruction informs the jury of the plaintiff's burden when the judge determines that a defendant had a qualified privilege to publish the allegedly defamatory communication.

64 N.M. at 270, 327 P.2d at 333).

      **C.**    **False Imprisonment**

Under New Mexico law, the tort of false imprisonment "consists of intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." N.M. Stat. Ann. § 30-4-3 (2012); *Santillo v. N.M. Dep't of Pub. Safety*, 143 N.M. 84, 88, 173 P.3d 6, 11 (Ct. App. 2007). "A false arrest is merely one way of committing false imprisonment." *Id*. "The restraint constituting false imprisonment may arise out of words, acts, gestures or similar means which include reasonable apprehension that force will be used if the plaintiff does not submit." *Martinez v. Sears, Roebuck and Co.*, 81 N.M. 371, 373, 467 P.2d 37, 39 (Ct. App. 1970). A private citizen who instigates or participates in a false arrest can also be liable for the tort of false arrest or false imprisonment. *Miller v. Stinnett*, 257 F.2d 910, 915 (10th Cir. 1958); Restatement of Torts § 45A ("One who instigates or participates in the unlawful confinement of another is subject to liability to the other for false imprisonment."). Acting without lawful authority means that "defendants knew as a matter of law that they had no right to act in a manner that was contrary to or forbidden by law when they intentionally confined or restrained the plaintiffs without their consent." *Diaz v. Lockheed Electrics*, 95 N.M. 28, 32, 618 P.2d 372 (Ct. App. 1980).

      **III.**    <u>**Analysis**</u>

      **A.**    **The Court Will Not Dismiss the Defamation Claim**

J. Ramirez alleges that she was falsely accused of attempting to cash a fraudulent check, and that the accusation was not privileged or justified under state law. Compl. at 4. J. Ramirez also alleges that the Wal-Mart Defendants "unlawfully and falsely charged her with a crime as they had no basis to believe [she] had committed or was attempting to commit a crime." *Id*. The

5

Wal-Mart Defendants respond that their report of suspected criminal activity to the police was privileged, and that J. Ramirez has not alleged that they acted with malice, or set forth facts indicating malice, in order to overcome the privilege. Mot. at 4. The Wal-Mart Defendants add that J. Ramirez identified their conduct as "negligent " in the Complaint, and that "even if negligence alone could defeat [the conditional] privilege," J. Ramirez has failed to plead facts sufficient to establish negligent reporting as required under *Twombly*.[2] Mot. at 4-5. J. Ramirez responds that she has sufficiently pled facts to make a plausible claim for defamation, and that a jury must decide whether the Wal-Mart Defendants abused their privilege by lacking reasonable grounds to believe that she was attempting to cash a fraudulent check. Resp. at 4.

J. Ramirez does not dispute that the Wal-Mart Defendants are entitled to a conditional privilege, arguing instead that they lacked reasonable grounds to believe that she was attempting to commit a crime. A privilege is abused if a person said to be privileged lacks the belief, or reasonable grounds to believe, the truth of the alleged defamation." *Bookout v. Griffin*, 97 N.M. 336, 339, 639 P.2d 1190, 1193 (1982); 13-1012 NMRA; *Mahona-Jojanto,* 79 N.M. at 295, 442 P.2d at 786. Assuming, *arguendo*, that J. Ramirez was required to anticipate the affirmative defense of a conditional privilege and plead facts to overcome it, she has done so by specifically alleging that the Wal-Mart Defendants falsely accused her of a crime without any basis to believe that she had committed, or was attempting to commit, one. Compl. at 4. J. Ramirez has also pled

---

[2] It does not appear to the Court that J. Ramirez is attempting to state a negligence claim distinct from her allegation that the Wal-Mart Defendants acted negligently when falsely accusing her of a crime. However, in the event that she is, J. Ramirez has failed to state a plausible claim for general negligence because her Complaint does not allege the existence of a duty owed by the Wal-Mart Defendants to her, a breach of that duty, which is typically based on a standard of reasonable care, or that the breach was the proximate case of her damages. *See Herrera v. Quality Pontiac*, 134 N.M. 43, 47-48, 73 P.3d 181, 185-86 (2003).

facts from which it is reasonable to infer that neither she, nor anyone else, was questioned or contacted about the check before it was referred to the City Defendants as fraudulent. Accordingly, J. Ramirez has sufficiently alleged that the Wal-Mart Defendants lacked reasonable grounds to believe that she was attempting to commit a crime.[3]  *See Mahona-Jojanto*, 79 N.M. at 295-96, 442 P.2d at 783 (a plaintiff may plead facts to sufficient to show that a defendant lacked reasonable grounds to believe the truth of the alleged defamation).

Accordingly, the Court does not find that dismissal of J. Ramirez's defamation claim for failure to allege malice is warranted.  Although certain states require proof of malice to overcome a qualified privilege to defamation, New Mexico courts permit an abuse of privilege to be demonstrated by showing that the defendant lack of reasonable grounds to believe in truth of the communication.  *See* UJI 13-1012 NMRA (committee commentary noting that proof of malice is required in New Jersey and Maryland); *Mahona-Jojanto,* 79 N.M. at 296, 442 P.2d at 783 (establishing that abuse of privilege can be demonstrated by proof that defendant lacked reasonable grounds to believe truth of statement); *Bookout v. Griffin*, 97 N.M. at 339, 639 P.2d at1193 (more recent case reaffirming standard established in *Mahona-Jojanto*).  Indeed, the committee commentary to UJI 13-1012 NMRA, which addresses abuse of conditional privileges to defamation, notes that while certain states require malice, New Mexico courts permit proof of negligence to overcome such privileges.  Because J. Ramirez has plead sufficient facts to show that the Wal-Mart Defendants lacked reasonable grounds to believe that she was attempting to commit a crime, the Court will deny dismissal of the defamation claim.

---

[3]In concluding that the defamation claim is sufficiently pled to survive dismissal, the Court reaches no conclusion regarding whether or not the Wal-Mart Defendants lacked reasonable grounds to believe that J. Ramirez was committing a crime.  The Court merely finds that J. Ramirez has sufficiently pled facts to overcome the conditional privilege.

### B. The Court will Dismiss the False Imprisonment Claim

J. Ramirez alleges that the Wal-Mart Defendants "accused her of a crime without any legal basis" and aided in her detention when they "allowed the use of a room on Wal-Mart property for [Detective] Chambers to detain [her] and to berate her for attempting to pass a fraudulent check." Compl. at 3- 4. The Wal-Mart Defendants assert that dismissal of the false imprisonment claim is warranted because J. Ramirez "provides no legal or factual support for her bare conclusion that [they] are liable for aiding her detention simply because APD questioned her on Wal-Mart property." Mot. at 8. The Wal-Mart Defendants further state that J. Ramirez fails to allege that they knew the information they provided to the APD officers about her check was false. *Id*. at 10, 12.  J. Ramirez responds that she has sufficiently alleged that the detention was instigated and facilitated by Wal-Mart. Resp. at. 4.

To assert a state law false imprisonment claim against the Wal-Mart Defendants, J. Ramirez must show that:  (1) [the Wal-Mart Defendants] intentionally confined or restrained her without her consent and (2) [the Wal-Mart Defendants] knew that they had no lawful authority to do so." *See* NMSA § 30-4-3 (2011); *Santillo v. N.M. Dep't of Pub. Safety*, 143 N.M. 84, 88, 173 P.3d 6, 11 (Ct. App. 2007). Acting without lawful authority means that "defendants knew as a matter of law that they had no right to act in a manner that was contrary to or forbidden by law when they intentionally confined or restrained the plaintiffs without their consent." *Diaz*, 95 N.M. at 32, 618 P.2d at 376.

J. Ramirez does not allege that the Wal-Mart Defendants themselves confined or restrained her, nor does she allege any facts from which it could be inferred that the Wal-Mart Defendants' words, actions or gestures induced reasonable apprehension that they would have used force if J. Ramirez did not submit. *See Martinez v. Sears, Roebuck and Co.*, 81 N.M. 71,

373, 467 P.2d 37, 39 (Ct. App. 1970).  Assuming, *arguendo*, that J. Ramirez has pled sufficient facts to support her claim that the Wal-Mart Defendants instigated and facilitated her detention, she has not alleged that they "knew" they had no lawful authority to do so. *See* § 30-4-3, NMSA (2011); *Santillo v. N.M. Dep't of Pub. Safety*, 143 N.M. 84, 88, 173 P.3d 6, 11 (Ct. App. 2007). Rather, .J Ramirez describes their conduct as "negligent" in the Complaint.  Compl. at 4.

The elements of the tort of false imprisonment require that the Wal-Mart Defendants possessed "knowledge" that they were acting without lawful authority when detaining J. Ramirez.  *See Diaz*, 95 N.M. at 32, 618 P.2d at 376.  J. Ramirez fails to allege, or provide facts from which it can be inferred, that the Wal-Mart Defendants possessed such knowledge.  Indeed, the allegation that the Wal-Mart Defendants acted negligently negates any inference that they knew they were acting without lawful authority.  Because the Complaint fails to state a plausible claim for false imprisonment against the Wal-Mart Defendants, the Court will dismiss the claim. Because the false imprisonment claim is dismissed for failure to state a claim under Rule 12(b)(6), the Court will deny the Motion for Summary Judgment on J. Ramirez's false imprisonment claim as moot.

WHEREFORE,

**I.**   **IT IS ORDERED** that *Wal-Mart Defendants' Motion to Dismiss*, filed January 19, 2012 (Doc. 36) is **GRANTED** as to the false imprisonment claim and **DENIED** as to the defamation claim; and

**II.**   **IT IS FURTHER ORDERED** that *Defendant Wal-Mart's Motion and Memorandum in Support of its Motion for Summary Judgment*, filed December 20, 2011 (Doc. 23) is **DENIED** as moot.

Dated April 23, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff

    Joseph P. Kennedy
    Shannon L. Kennedy
    Albuquerque, NM

Attorneys for Wal-Mart Stores, East, Inc., Crystal Gutierrez and Bernice Warner:

    H. Jesse Jacobus III
    Tiffany L. Roach
    Modrall, Sperling, Roehl, Harris & Sisk, P.A.
    Albuquerque, NM